IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JUAN M. AVILA and           §
ESBEIDE FLORES AVILA,       §
                            §
          Plaintiffs,       §
                            §
v.                          §     CIVIL ACTION NO. H-14-3502
                            §
JPMORGAN CHASE BANK, N.A.,  §
                            §
          Defendant.        §

## MEMORANDUM OPINION AND ORDER

Plaintiffs Juan M. Avila and Esbeide Flores Avila ("Plaintiffs") sued Defendant JPMorgan Chase Bank, N.A., ("Chase" or "Defendant") in the 333rd District Court for Harris County, Texas, under Cause No. 2014-69878.[1]  Defendant timely removed.[2] Pending before the court is Defendant's Motion to Dismiss and Brief in Support ("Motion to Dismiss") (Docket Entry No. 5).  For the reasons stated below, Defendant's Motion to Dismiss will be granted, and this action will be dismissed with prejudice.

### I.  Background

Plaintiffs purchased a house in 2006 and executed a note that eventually was transferred to Defendant Chase.[3]  In 2013 Plaintiffs

---

[1]See Plaintiff's Original Petition and Application for Temporary Restraining and Injunctive Relief ("Original Petition"), Exhibit A-3 to Defendant's Notice of Removal, Docket Entry No. 1-1.

[2]See Defendant's Notice of Removal ("Notice of Removal"), Docket Entry No. 1.

[3]Original Petition, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-1, p. 13.

sought to modify their loan.[4]  In April of 2014 Chase sought to foreclose on Plaintiffs' property, and Plaintiffs brought suit in state court.[5]  That state court suit was dismissed with prejudice on motion of the Defendant on June 4, 2014.[6]  Plaintiff Juan Avila then filed a petition for Chapter 13 bankruptcy.[7]  Plaintiff's Bankruptcy case was dismissed for failure to file information on September 18, 2014.[8]  Plaintiffs then filed the present case on December 1, 2014.[9]  Defendant removed, and the case was assigned to the undersigned judge.[10]  Plaintiffs assert two causes of action not

---

[4]Id.

[5]Id. at 14 ¶ 5.9.

[6]Id.  In their Original Petition in this case Plaintiffs state, apparently incorrectly, that the original state court matter, the cause number of which they do not specify, was voluntarily dismissed because "there was an agreement between Defendant Chase [and] counsel for Plaintiff to resume negotiations between the parties concerning a loan modification." See id. at 14 ¶ 5.10.  Defendant has provided publicly available records from a prior lawsuit between the parties, filed by Plaintiffs on March 31, 2014, in the 80th District Court of Harris County, Texas, under Cause No. 2014-17503.  See Exhibit A to Motion to Dismiss, Docket Entry No. 5-1.  That case, in which Plaintiffs alleged violations of the Texas Property Code, the Texas Finance Code, and the DTPA, as well as Breach of Contract, Wrongful Foreclosure, and Negligence, was dismissed with prejudice on motion of the Defendant.  See Order, Exhibit A to Motion to Dismiss, Docket Entry No. 5-1, p. 62.

[7]See Docket Report, Case No. 14-34897, Exhibit B to Motion to Dismiss, Docket Entry No. 5-2.

[8]See id.

[9]See Harris County Docket Sheet, Exhibit A-2 to Notice of Removal, Docket Entry No. 1-1, p. 6.

[10]See Notice of Removal, Docket Entry No. 1.

asserted in their prior state court suit: negligent misrepresentation for failing to identify all possible workout options and violation of the Real Estate Settlement Procedures Act ("RESPA") for failing to provide sufficient information to plaintiffs.[11] Chase has moved to dismiss Plaintiffs' Original Petition for failure to state a plausible claim for relief.

## II.  Motions to Dismiss Under Rule 12(b)(6)

### A.  Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim."  Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).  The court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor.  Id.

> "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."

Swierkiewicz v. Sorema N.A., 122 S. Ct. 992, 997 (2002) (quoting Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974)).  To avoid

---

[11]See Original Petition, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-1.

dismissal a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). Plausibility requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quoting Twombly, 127 S. Ct. at 1966) (internal quotation marks omitted). The court will "'not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.'" Ferrer v. Chevron Corp., 484 F.3d 776, 780 (5th Cir. 2007) (quoting Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005)). "[D]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill, 561 F.3d 377, 384 (5th Cir. 2009).

When considering a motion to dismiss courts are generally "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th

-4-

Cir. 2010) (citing <u>Collins v. Morgan Stanley Dean Witter</u>, 224 F.3d 496, 498-99 (5th Cir. 2000)).  In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." <u>Norris v. Hearst Trust</u>, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing <u>Cinel v. Connick</u>, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

## B.  Analysis

Plaintiffs allege that Chase negligently misrepresented the available workout options for Plaintiffs' loan and that Chase violated RESPA by failing to provide accurate information regarding loss mitigation options or the reasons for Chase's determinations about Plaintiffs' request for loan modification.  Chase argues that Plaintiffs have not pleaded facts sufficient to state a claim for either negligent misrepresentation or violations of RESPA. Plaintiffs filed a Response, but it is not directly responsive to Defendant's motion, addresses claims not pleaded in this case, and appears to be based, in part, on Plaintiffs' prior state court action, which was dismissed with prejudice.[12]  As discussed below, the court is persuaded that Plaintiffs' complaint in this case fails to state a plausible claim for relief.

----

[12]<u>See</u> Plaintiff's Response to Defendant's 12(b) Motion to Dismiss ("Plaintiffs' Response"), Docket Entry No. 6, pp. 7-13 (addressing claims for violations of the Texas Property Code and breach of contract); <u>id.</u> at 2 ¶ 7 (stating that Plaintiffs filed their Original Petition on March 31, 2014, the date the first state court action was filed).  Plaintiffs' Response addresses RESPA violations, but it merely recites the claims from the Original Petition, quotes the relevant statutory text, and addresses a statute of limitations argument not raised by Defendant. <u>See id.</u> at 9-11.

1.    Negligent Misrepresentation[13]

The elements of a claim for negligent misrepresentation under Texas law are:  "(1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies 'false information' for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation."  Fed. Land Bank Ass'n of Tyler v. Sloane, 825 S.W.2d 439, 442 (Tex. 1991).  A claim for negligent misrepresentation is subject to the economic loss rule:

> Under Texas law, the economic loss rule generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract. A contractual relationship between two parties may create duties under both contract and tort law, and the acts of a party may breach duties in tort or contract alone or simultaneously in both.  Tort obligations are in general obligations that are imposed by law -- apart from and independent of promises made and therefore apart from the manifested intention of the parties -- to avoid injury to others.    If the defendant's conduct -- such as negligently burning down a house -- would give rise to liability independent of the fact that a contract exists

---

[13]Plaintiffs' first cause of action is captioned "Plaintiffs' Claim for Negligence," but it cites case law pertaining to, and pleads the elements of, a claim for negligent misrepresentation. Even if Plaintiffs' claim was for negligence, "there is little guiding authority to enlighten [the] court as to whether there is a recognized duty to conform to a certain standard of conduct that might:  (a) be owed from a mortgage lender or servicer to its borrower; and (b) give rise to a negligence claim." In re Thrash, 433 B.R. 585, 596 (Bankr. N.D. Tex. 2010).  Nevertheless, "case law in Texas clearly does not allow a claim for negligence to proceed where there is only a claim of mere economic damages and/or mental anguish." Id. at 600.

between the parties, the plaintiff's claim may also sound in tort.  Conversely, if the defendant's conduct -- such as failing to publish an advertisement -- would give rise to liability only because it breaches the parties' agreement, the plaintiff's claim ordinarily sounds only in contract.  The nature of the injury most often determines which duty or duties are breached.  When the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone.

Owens v. BAC Home Loans Servicing, L.P., No. H-11-2742, 2013 WL 1345209, at *4 (S.D. Tex. Mar. 30, 2013) (internal quotation marks, alterations, and citations omitted).  In the mortgage foreclosure context, "injuries . . . such as loss of title and damage to credit[] are barred by the economic loss rule because they are the subject of the mortgage contract with the defendants."  Id.

Plaintiffs allege that "Defendant had a du[t]y to Plaintiffs to provide all loss mitigation alternatives to foreclosure," but "represented to Plaintiff that he could apply only for a [M]aking Home Affordable Modification Program (HAMP) as a loan workout alternative," and "[t]he information was false."[14]  Plaintiffs neither identify the source of a duty to provide multiple alternatives to foreclosure nor explain why Defendant's representation was false.  Plaintiffs do not allege facts supporting an inference that Chase failed to exercise reasonable care or competence in obtaining or communicating this information. Plaintiffs do not explain how they relied on Defendant's representation to their detriment.  Additionally, Plaintiffs fail to overcome the economic loss rule.  Plaintiffs pleaded damages for

---

[14]Original Petition, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-1, pp. 15-16.

"clouding the title/slander of title concerning said residence, harm to credit reputation, credit worthiness, and credit history, actual damages, and the value of time lost trying to remedy the problem against Defendant."[15]  Because Defendant's alleged duties to Plaintiff arose out of the contractual relationship between lender and borrower,[16] Plaintiffs cannot recover in tort for the damages claimed.[17]  Plaintiffs have failed to state a plausible claim for negligent misrepresentation.

   2.   RESPA

   Plaintiffs claim that Defendant violated RESPA, 12 U.S.C. § 2601, et seq., by (1) failing to provide reasons for the denial of Plaintiffs' loan modification and (2) failing to provide accurate information to Plaintiffs for loss mitigation.[18]

   Section 6 of RESPA, codified at 12 U.S.C. § 2605, requires a loan servicer to provide written responses to certain written requests by borrowers.  § 2605(e), (k)(1)(C).  A lender or loan

_____

   [15]Id. at 16.

   [16]See id. ("Defendant failed to perform its duties as mortgage servicer.").

   [17]The same limitation would apply if Plaintiffs had pleaded a negligence claim.  See, e.g., Collier v. Wells Fargo, No. 7:04-CV-086-K, 2006 WL 1464170, at *8 (N.D. Tex. May 26, 2006) ("[Because] [a]ll of Plaintiffs claims . . . arise from the mortgage contracts between the parties . . . the economic loss rule applies to bar Plaintiffs' claims for negligence and negligent misrepresentation.").

   [18]See Original Petition, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-1, p. 7.

servicer who fails to comply with § 2605 may be liable for "any actual damages to the borrower as a result of the failure." § 2605(f)(1)(A). Therefore, to survive a motion to dismiss under Rule 12(b)(6) a plaintiff must allege actual damages resulting from a violation of § 2605. Ogden v. PNC Bank, No. 14-1355, 2015 WL 1452413, at *1-2 (10th Cir. Apr. 1, 2015); Akintunji v. Chase Home Finance, L.L.C., No. H-11-389, 2011 WL 2470709, at *2 (S.D. Tex. June 20, 2011); see Whittier v. Ocwen Loan Servicing, L.L.C., 594 F. App'x 833, 836 (5th Cir. 2014) ("To recover, a claimant must show that actual damages resulted from a RESPA violation."). Plaintiffs' Original Petition makes only the conclusory allegation that "Defendant has violated several RESPA procedures causing Plaintiff to suffer actual damages."[19]  Plaintiffs have failed to state a plausible claim for relief under RESPA.[20]

---

[19]Id. at 18.  Plaintiffs' claims that Defendant violated 12 C.F.R. §§ 1024.35, 1024.39, and 1024.41 appear to be subject to the same requirement, since those provisions are enforceable, if at all, under 12 U.S.C. § 2605.  See, e.g., 12 C.F.R. § 1023.41 ("A borrower may enforce the provisions of this section pursuant to section 6(f) of RESPA."); Servantes v. Caliber Home Loans, Inc., No. 14-CV-13324, 2014 WL 6986414, at *1 (E.D. Mich. Dec. 10, 2014) (dismissing claims under 12 C.F.R. § 1024.39 because RESPA requires proof of actual damages); cf. Christenson v. Citimortgage, Inc., No. 12-CV-02600-CMA-KLM, 2014 WL 4637119, at *2-3 (D. Colo. Sept. 16, 2014) (concluding that regulatory requirements of 12 C.F.R. § 1024.35 derive from statutory requirements of 12 U.S.C. § 2605(k)(1)(C)).  At least one court has held that 12 C.F.R. § 1024.35, which incorporates violations of § 1024.39, does not provide a private right of action for damages. See Miller v. HSBC Bank U.S.A., N.A., No. 13 CIV. 7500, 2015 WL 585589, at *11 (S.D.N.Y. Feb. 11, 2015).

[20]Even if Plaintiffs had sufficiently pleaded actual damages, or if Plaintiffs are not required to under 12 C.F.R. §§ 1024.35,
(continued...)

### 3.   Injunctive Relief

Plaintiffs' Original Petition sought a preliminary injunction against foreclosure.   To the extent that Plaintiffs seek any injunctive relief in this court, such relief will be denied.   "[A] request for injunctive relief must be dismissed unless it is supported by a viable claim." Denman v. Wells Fargo Bank, N.A., No. SA-13-CV-11-XR, 2013 WL 1866580, at *2 (W.D. Tex. May 2, 2013). Because Plaintiffs have failed to state a plausible claim under Rule 12(b)(6), they are not entitled to injunctive relief. Rodriguez v. Bank of America, N.A., No. SA-12-CV-00905-DAE, 2013 WL 1773670, at *13 (W.D. Tex. April 25, 2013), aff'd, 577 F. App'x 381 (5th Cir. 2014).

### III.   Conclusions and Order

The court concludes that Plaintiffs have failed to plead plausible claims for relief for either negligent misrepresentation or violations of RESPA.   Therefore, Defendant's Motion to Dismiss

---

[20](...continued)
1024.39, it is nearly impossible to discern what requests for information Plaintiffs are alleged to have made, when those requests were made, or what Chase's responses to those requests were.   See, e.g., Original Petition, Exhibit A-3 to Notice of Removal, Docket Entry No. 1-1, p. 14 ¶ 5.6 ("Thereafter, Plaintiff began to experience a merry-go-round of exchanges between [Chase Bank] over the next several months of duplicate requests and dilatory tactics in attempt to get some resolution regarding their loan modification requests."); id. ¶ 5.9 ("Counsel for Plaintiff continued to make inquir[i]es and have exchanges with Defendant Chase's Retention Department which culminated with posting of Plaintiff's homestead . . . .").

and Brief in Support (Docket Entry No. 5) is **GRANTED,** and this case will be dismissed with prejudice.

      **SIGNED** at Houston, Texas, on this the 13th day of April, 2015.

                                            SIM LAKE
                              UNITED STATES DISTRICT JUDGE